# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERLINDO RODRIGUEZ, JR., <br><br> Plaintiff, <br><br> v. <br><br> MENDOZA, *et al.*, <br><br> Defendants. | Case No. 1:21-cv-00410-BAM (PC) <br><br> ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION <br><br> FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS <br> (ECF Nos. 1, 10, 12) <br><br> **FOURTEEN (14) DAY DEADLINE** |

**I.   Background**

Plaintiff Erlindo Rodriguez, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On July 12, 2021, the Court screened Plaintiff's complaint and found that Plaintiff stated cognizable claims for failure to protect and excessive force against Defendant Mendoza in violation of the Eighth Amendment and for excessive force against Defendant Cambell in violation of the Eighth Amendment, but failed to state any other cognizable claims against any other defendants.  (ECF No. 10.)  The Court ordered Plaintiff to either file a first amended complaint or notify the Court of his willingness to proceed only on the cognizable claims identified by the Court.  (*Id.*)  On August 23, 2021, Plaintiff notified the Court of his willingness to proceed on the cognizable claims identified by the Court.  (ECF No. 12.)

**II.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**A.     Allegations in Complaint**

Plaintiff is currently incarcerated in Kern Valley State Prison, where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants: (1) D. Mendoza, (2) Cambell,[1] (3) John Dow (the Court assumes Plaintiff intended to name a John Doe defendant).

Plaintiff alleges an Eighth Amendment violation for failure to protect safety and for excessive force. On May 21, 2020, Plaintiff was placed in a holding cell because he was not being

---

[1] Plaintiff is informed that the correct spelling may be "Campbell," as that is the spelling used for the defendant's name in the "Staff Complaint Response."

compatible with another inmate, inmate Tran. Plaintiff was in handcuffs in the holding cell. Plaintiff was taken out of the holding cell and walked to the cell where inmate Tran was housed. Defendant Mendoza was told by inmate Tran and by Plaintiff that they were not compatible and that they would fight. As soon as Defendant Mendoza took off the handcuffs, "I was inside the cell with Tran I started to fight with him, I was punching his foot because all he did was put his leg out so I would not punch his face." The correctional officer was there watching for 2 minutes, and then when Plaintiff grabbed Tran, they got pepper sprayed without telling them to stop. None of their property was damaged. They stopped fighting, and Tran was cuffed up first and taken out of the cell. Then the correctional officer, for no reason, started to pepper spray Plaintiff more, and told Plaintiff to cuff up while he was spraying Plaintiff.

Plaintiff was put back into the holding cell. He was having trouble breathing and was crying out in the holding cell for an hour, in handcuffs blinded by the spray. Plaintiff was taken out of the cell and felt the sun on him, so he knew he was outside. All of a sudden, Plaintiff was slammed to the ground, and got kicked, punched, and choked. Then he was picked up and while taking him back, another officer told them to put water on Plaintiff. Plaintiff was then able to open an eye and identify one of the officers as Defendant Cambell. He was taken back to the holding cell.

Plaintiff was interviewed by ASU and seen by medical. He had a large lump on back of his head and was sent to the hospital He got his TV back broken, and he got a false RVR.

Plaintiff seeks compensatory and punitive damages.

**B.     Discussion**

**1.     Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See

3

*Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff's complaint fails to adequately link the John Dow (Doe) defendant to any alleged constitutional violation. Plaintiff fails to allege what each named defendant did or did not do that violated his constitutional rights.

### 2. Failure to Protect

Although it is not clear from Plaintiff's complaint, it appears that Plaintiff may be attempting to allege a failure to protect Plaintiff.

While the Eighth Amendment requires prison officials to provide prisoners with the basic human needs, including reasonable safety, it does not require that the prisoners be comfortable and provided with every amenity." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir.1982). To establish a failure to protect claim, the prisoner must establish that prison officials were deliberately indifferent to a sufficiently serious threat to the prisoner's safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). " 'Deliberate indifference' has both subjective and objective components." *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013). The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer*, 511 U.S. at 837. "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.' " *Labatad*, 714 F.3d at 1160 (quoting *Farmer*, 511 U.S. at 847).

Liberally construing the allegations in the complaint, Plaintiff states a failure to protect claim against Defendant Mendoza because Mendoza had been told by both Plaintiff and inmate Tran that violence would erupt if they were housed together and he did not attempt to quell the fight for 2 minutes.

4

### 3. Excessive Force

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *Ingraham v. Wright*, 430 U.S. 651, 670 (1977); *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Whitley*, 475 U.S. at 319.

However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition of de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 9–10 (citations and quotations omitted); *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries). What violates the Eighth Amendment is "the unnecessary and wanton infliction of pain," i.e., infliction of suffering that is "totally without penological justification." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury . . . [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986)). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. *See Whitley*, 475 U.S. at 321–22.

///

///

<u>Defendant Mendoza</u>

Plaintiff alleges that to stop the inmates from fighting, Defendant Mendoza pepper sprayed Plaintiff and inmate Tran. Plaintiff fails to state a cognizable excessive force claim because the facts indicate a need for the application of force and a legitimate penological interest in restoring security.

However, liberally construing the allegations, Plaintiff states a cognizable claim for the second application of pepper spray by Defendant Mendoza after Plaintiff had submitted to Defendant's authority.

<u>Defendant Cambell</u>

Plaintiff states a cognizable claim for excessive force against Defendant Cambell for the incident when Plaintiff was taken outside and beaten.

<u>Defendant John Dow (Doe)</u>

Plaintiff fails to state a cognizable claim against the unnamed officer. Plaintiff fails to state facts that there were two officers involved in the incident when Plaintiff was taken outside and beaten.

### 4. Deliberate Indifference to Serious Medical Need

Plaintiff alleges he was sprayed and was gasping for air in the holding cell.

To allege a claim of deliberate indifference, plaintiff must show he had a serious medical need and defendants were deliberately indifferent to that need. A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.' " *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." *Id.* at 1059–60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff fails to state a cognizable claim. Plaintiff fails to include any factual allegations as to which Defendant knew what about his condition and what actions each Defendant did or did

6

not take.

### 5. Doe Defendants

The use of John Does in pleading practice is generally disfavored. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999); *Lopes v. Viera*, 543 F.Supp.2d 1149, 1152 (E.D. Cal. 2008). Plaintiff is hereby advised that the court cannot order service of a Doe defendant because the United States Marshal cannot serve a Doe defendant. Plaintiff will be required to identify him or her with enough information to locate the defendant for service of process. For service to be successful, the Marshal must be able to identify and locate defendants. Once the identify of a Doe defendant is ascertained, Plaintiff must file a motion to amend his complaint only to identify the identified Doe defendant so that service by the United States Marshal can be attempted.

### 6. False Reports

Plaintiff alleges that Defendants made false reports against Plaintiff. *Johnson v. Felker*, No. 1:12–cv–02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under section 1983.") (citations omitted). Plaintiff's complaint therefore fails to state a claim based on allegations of a false disciplinary report. *See Evans v. Martin*, No. 1:21-CV-00093-BAM(PC), 2021 WL 2002578, at *12–13 (E.D. Cal. May 19, 2021), report and recommendation adopted, No. 1:21-CV-00093-DAD-BAM(PC), 2021 WL 2805821 (E.D. Cal. July 6, 2021).

### 7. Deprivation of Property

Plaintiff alleges that his TV was broken.

The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). Authorized intentional deprivation of property pursuant to an established state procedure is actionable under the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 532 & n.13 (1984) (citing *Logan v. Zimmerman Brush Co*., 455 U.S. 422, 435–36 (1982) ); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th

7

Cir. 1985). On the other hand, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533. And, "California law provides an adequate post-deprivation remedy for any property deprivations." *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–95). Additionally, "the Due Process Clause is [ ] not implicated by a negligent act of an official causing unintended loss of or injury to ... property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

Plaintiff appears to be alleging an unauthorized intentional deprivation of his property. There are no allegations suggesting that his property was broken pursuant to an established state procedure or by any of the defendants. As California law provides an adequate post-deprivation remedy, Plaintiff has failed to state a claim under the Due Process Clause for deprivation of his property.

### III. Conclusion and Recommendation

Based on the above, the Court finds that Plaintiff's complaint states cognizable claims for failure to protect and excessive force against Defendant Mendoza in violation of the Eighth Amendment and for excessive force against Defendant Cambell in violation of the Eighth Amendment. However, Plaintiff's complaint fails to state any other cognizable claims for relief.

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint, filed March 15, 2021, (ECF No. 1), against Defendant Mendoza for failure to protect and excessive force in violation of the Eighth Amendment and against Defendant Cambell for excessive force in violation of the Eighth Amendment; and
2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

///

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 26, 2021**            /s/ Barbara A. McAuliffe            
                                        UNITED STATES MAGISTRATE JUDGE