**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERLINDO RODRIGUEZ JR., | Case No. 1:21-cv-0410 JLT BAM (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE |
| v. | |
| MENDOZA, *et al.*, | |
| Defendants. | (Docs. 44, 56) |

Erlindo Rodriguez, Jr. asserts that the defendants, correctional officers at Kern Valley State Prison, violated his civil rights arising under the Eighth Amendment. This action proceeds against Mendoza for failure to protect and excessive force and against Campbell[1] for excessive force in violation of the Eighth Amendment. (*See* Docs. 1, 16.) Defendants seek summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Doc. 44.) For the reasons set forth below, the magistrate judge's Findings and Recommendations (Doc. 46) are adopted in full, and the motion is **GRANTED**.

**I.      Findings and Recommendations**

As an initial matter, the magistrate judge took judicial notice of court records from Plaintiff's criminal conviction in Kern County Superior Court, Case No. DF015911A, *People of the State of California v. Erlindo Rodriguez*. (Doc. 56 at 5.) The criminal charges arose from the

---

[1] Erroneously sued as "Cambell."

1

incident involving Plaintiff and Mendoza on May 21, 2020, and based upon "Mendoza's claim that Plaintiff assaulted Mendoza by grabbing Mendoza's arm and attempting to take Mendoza's pepper spray can." (*Id.* at 14.) The magistrate judge found it was undisputed that "Plaintiff pled guilty and was convicted of willfully and unlawfully attempting by means of threats or violence to deter or prevent … Mendoza from performing his duties as an officer, and/or knowingly resisting Defendant Mendoza by the use of force or violence while [he] was in the performance of his duty as an officer, in violation of Penal Code § 69" (*Id.* at 7, citing RJN Exh. B "Felony Abstract of Judgment" [Doc. 44-2 at 10][2].)

The magistrate judge found that Plaintiff did "not explicitly oppose Defendants' argument that the excessive force claim against Defendant Mendoza is *Heck*-barred," although he disputed certain facts of the criminal case. (Doc. 56 at 11, citing Doc. 48 at 1.) The magistrate judge determined that accepting Plaintiff's disputed version of the facts underlying the criminal action—namely, that Plaintiff did not grab Mendoza's wrist or attempt to take the pepper spray— "would necessarily imply the invalidity of Plaintiff's criminal conviction for the opposite version of events." (*Id.*) Because this would affect the duration of Plaintiff's determinate sentence, the magistrate judge found the excessive force claim is *Heck*-barred. (*Id.*)

The magistrate judge also determined undisputed facts did "not support a failure to protect claim" against Mendoza. (Doc. 56 at 9.) Although Plaintiff asserted Mendoza failed to protect Plaintiff by placing him in a cell with an inmate named Tran, the undisputed facts established "Tran never struck or hit Plaintiff." (*Id.* at 10.) The magistrate judge noted that Plaintiff told Mendoza he was "incompatible" with his cellmate Tran, "Plaintiff did not give … any reason" as to the incompatibility. (*Id.* at 6; *see also id.* at 10.) In addition, the magistrate judge noted that Plaintiff admitted during his deposition that he, not Tran, was the aggressor in the underlying

---

[2] Although the magistrate judge indicated Plaintiff plead "guilty," this information was not found on the cited Abstract. Rather, the judgment indicates only that Plaintiff was convicted by plea. (Doc. 44-2 at 10.) According to the docket of the Kern County Superior Court, Plaintiff entered a plea of nolo contendere to the charge of a violation of Penal Code § 69 in Case No. DF015911A on November 9, 2021. The accuracy of the official records of Kern County Superior Court—as contained on the court's official website—cannot be questioned, and judicial notice may be taken of the court docket. *See Porter v. Ollison*, 620 F.3d 952, 954-55 (9th Cir. 2010) (observing "it is proper to take judicial notice" of "any state court dockets"); *see also Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of court filings in a related state court case). Accordingly, the Court takes judicial notice of the docket in Case No. DF015911A, including the plea entered and disposition date.

1  incident. (*Id.*, citing Depo. 38:21- 39:1.)  The magistrate judge determined that "Mendoza's

2  intervention was required to protect Inmate Tran from Plaintiff's attack, and at no point did

3  Plaintiff indicate he was in any danger from Inmate Tran." (*Id.*)  Consequently, the magistrate

4  judge found Plaintiff failed to establish that Mendoza violated his constitutional rights. (*Id.*)

5      Finally, the magistrate judge found "based on the undisputed facts, Plaintiff has failed to

6  show an actual connection between Defendant Campbell's actions—helping to decontaminate

7  Plaintiff with water after his pepper spray exposure after Plaintiff regained consciousness—and

8  the alleged violation of Plaintiff's rights[,] the use of force prior to Plaintiff's loss of

9  consciousness." (Doc. 56 at 12.)  The magistrate judge noted:

> Plaintiff states for the first time in his opposition that he knows he was unconscious for about 4 seconds, and he is sure that the same officers who told him "shut the fuck up" were the same officers who assaulted him. (ECF No. 48, p. 1.) Although not explicit, it appears Plaintiff now asserts that he is sure that Defendant Campbell is one of the officers who assaulted him, because Plaintiff was only unconscious for 4 seconds before he regained consciousness and saw Campbell's nametag.
>
> Plaintiff provides no corroborating evidence for his assertion that he was only unconscious for 4 seconds, despite testifying during his deposition that he did not know how much time passed while he was unconscious. UMF 22. As Plaintiff testified under penalty of perjury that he was unconscious, the identification of Defendant Campbell cannot be based on his personal knowledge, and Plaintiff has provided no other method by which he could have discovered how much time passed (such as looking at a clock, or conferring with an individual who witnessed the events).

20  (*Id.*)  Thus, the magistrate judge found Plaintiff failed "to create a dispute of fact" based upon his

21  statement in opposition to the motion. (*Id.*)

22      The magistrate judge found it was not necessary to Defendants' arguments related to

23  qualified immunity because Plaintiff failed to establish the defendants violated his constitutional

24  rights. (Doc. 56 at 10, 13.)  The magistrate judge concluded Mendoza and Campbell are entitled

25  to summary judgment, and recommended the motion be granted. (*Id.* at 13.)

26  **II.     Objections**

27      Plaintiff filed timely objections to the Findings and Recommendations. (Doc. 60.)

28  Plaintiff raises several arguments, including: (1) the Court erred by not addressing his claim

against a Doe defendant; (2) his claim against Mendoza for excessive force is not subject to a *Heck* bar; (3) he "did a general negating of all contentions of Defendants['] summary judgment;" (4) there are disputes of material fact related to his claims; and (5) Defendants are not entitled to qualified immunity. (*See generally id.* at 1-8.) Plaintiff also requests the Court take judicial notice of his state court proceedings, testimony of Mendoza related to underlying use of force incident, and CDCR records. (*Id.* at 7-8.)

## III. Discussion and Analysis

A district judge may "accept, reject or modify, in whole or in part, the findings and recommendations..." 28 U.S.C. § 636(b)(1). If a party files objections, "the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made." *Id.* A de novo review requires the Court to "consider[] the matter anew, as if no decision had been rendered." *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009).

### A. Ability to communicate with the Court

Plaintiff argues that he gave a "general negating of all contentions," which the Court should accept because "he does not read English properly [and] only made it to 8th grade." (Doc. 60 at 2.) In addition, Plaintiff contends he is a "severe [emotionally disturbed person]- mental health patient." (*Id.*) The clarity of Plaintiff's pleadings in this action—including the objections raised in response to the Findings and Recommendations—contradicts the suggestion that he is unable to read English sufficiently or communicate effectively with the Court due to his mental health. Regardless, Plaintiff's version of the incidents and arguments were properly considered by the magistrate judge, who did not recommend summary judgment purely on the basis that Plaintiff conceded arguments. (*See* Doc. 56 at 8-13.) Plaintiff's objections related to his "general negating" of contentions and his ability to communicate with the court are unpersuasive.

### B. Request for judicial notice

Plaintiff requests the Court take judicial notice of transcripts of testimony from his criminal court case, #DF015911A and "CDCR generated records relating to this case and facts." (Doc. 60 at 7.) The Federal Rules of Evidence permit judicial notice of a fact when it is "not

subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court previously took judicial notice of the preliminary hearing testimony, as it was included in Defendants' request for judicial notice granted by the magistrate judge. (Doc. 44-2 at 13-21; Doc. 56 at 5.) The Court need not do so again, and the request is denied as moot as to the preliminary hearing testimony. Plaintiff's request for judicial notice of the "CDCR generated records" is also denied, because he did not identify specific records or their contents, such that the Court may find the records are not subject to reasonable dispute.

### C. New assertions in the objections

Plaintiff raises new facts under penalty of perjury in his objections. For example, Plaintiff asserts that his failure to protect claim against Mendoza should proceed because Plaintiff informed Mendoza that Plaintiff's previous cellmate raped him, and Plaintiff and could not be safely housed with any cellmate. (Doc. 60 at 3, 7.) In addition, Plaintiff contends he told Mendoza that "Tran was part of [the] SNY-STG gang." (*Id.* at 7.) However, Plaintiff did not previously state—in his complaint, during his deposition, or in his opposition to the motion for summary judgment—that he gave Mendoza a specific reason for the reported incompatibility with Tran before being placed in the cell with him. (*See generally* Docs. 1, 44-4, 48.) Similarly, Plaintiff now argues that he never doubted, or stated that he could not confirm, that Campbell was one of the officers who used excessive force on Plaintiff after he was blinded by the pepper spray. Plaintiff's assertion is contradicted by his own deposition testimony when he testified that he did not look at the officers who took him out to the yard, where he was reportedly assaulted by correctional officers. (Doc. 44-4 at 29.) Plaintiff testified that he was knocked unconscious—and he did not know for how long— and he identified Campbell for the first time after he regained consciousness as the officer holding Plaintiff up while he was being decontaminated.[3] (*Id.* at 23-24, 25-26.)

---

[3] Plaintiff's deposition testimony was consistent with the verified complaint, in which he alleged he saw Campbell after officers poured water on his face and he was "able to open [his] right eye and see" the name tag of the officer. (*See* Doc. 1 at 4.)

5

Though the Court may not weigh the credibility of evidence on summary judgment, "[t]he general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991). The Ninth Circuit explained, "[I]f a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." *Id.* While the "sham affidavit" rule "should be applied with caution," *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993), the Court finds the new facts that should have been previously available to Plaintiff—which are now raised for the first time in his objections and contradict all prior versions of events presented under penalty of perjury in this action— are a "sham." *See Kennedy*, 952 F.2d at 266–67. The identified inconsistencies are clear, and the new facts now asserted by Plaintiff in the objections to identify material disputes of fact will be disregarded.

### D.     Applicability of the *Heck*-bar

A claim against a law enforcement officer or agency is barred where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). If a criminal conviction "is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Beets v. County of Los Angeles*, 669 F.3d 1038, 1042 (9th Cir. 2012).

Plaintiff's criminal case was based upon the incident between Plaintiff and Mendoza on May 21, 2020— the same incident for which Plaintiff now seeks to hold Mendoza liable for excessive force. Plaintiff was charged with a violation of Cal. Pen. Code § 69, which provides "attempts, by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon the officer by law, or … knowingly resist[ing], by the use of force or violence, the officer, in the performance of his or her duty." Plaintiff plead nolo contendere to the charge. He now asserts the use of force by Mendoza during the incident was excessive, and he "was pepper sprayed a second time with no good cause." (Doc. 48 at 1; *see also* Doc. 60 at 2.)

Plaintiff contends the magistrate judge failed to appreciate that he alleges two uses of the pepper spray by Mendoza, and that his criminal case involved only the first spray. (Doc. 60 at 2.) Plaintiff's assertions are contradicted by the preliminary hearing record. During the preliminary hearing, Mendoza reported that he first directed pepper spray towards Plaintiff's face when Plaintiff was fighting with Tran, after which Tran assumed a prone position. (Doc. 44-2 at 19-20; Doc. 48 at 3-4.) Mendoza testified Plaintiff ran toward the cell door and grabbed Mendoza's right wrist, and Plaintiff was pepper sprayed a second time.[4] (*Id*.) Thus, the criminal case clearly involved the second use of pepper spray. The actions that formed the basis of Plaintiff's conviction cannot be separated from the alleged use of excessive force by Mendoza. Rather, as the magistrate judge found, "[a]ccepting Plaintiff's version of events—that Plaintiff did not grab Defendant Mendoza's wrist or attempt to take the pepper spray can, such that … [the] second pepper spray burst was for no reason—would necessarily imply the invalidity of Plaintiff's criminal conviction for the opposite version of events." (Doc. 56 at 11.) Consequently, the Court adopts the finding of the magistrate judge that Plaintiff's claim for excessive force against Mendoza is barred by *Heck*.

### E. Failure to protect claim against Mendoza

"[P]rison officials have a duty … to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citation omitted). "The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation if prison officials know of and disregard a substantial risk of serious harm *to the plaintiff*." *Thomas v. Hernandez*, 2022 WL 1173339, at *4 (E.D. Cal. Apr. 20, 2022) (citing *Farmer*, 511 U.S. at 847, *Hearns v. Terhune*, 413 F.3d 1036 (9th Cir. 2005)). Importantly, a "plaintiff cannot demonstrate that prison officials were deliberately indifferent to a substantial risk of harm if [the] *plaintiff* initiated the harm." *Farley v. Virga*, 2013 WL 3992392, at *6 (E.D. Cal. Aug. 1, 2013) (emphasis added).

The undisputed evidence before the Court does not establish Mendoza knew of, and

---

[4] Mendoza testified that it was his partner, J. Morales, who used the pepper spray the second time to help Mendoza break free from Plaintiff's grasp. (Doc. 44-2 at 20; Doc. 48 at 3-4.) Regardless, it is undisputed that pepper spray was used twice by officers during the underlying incident.

7

disregarded, a risk *to Plaintiff* if he was housed in a cell with Tran. Once placed in the cell, Plaintiff pushed Tran to fight. (Doc. 44-4 at 13-14.) Plaintiff testified:

> Tran didn't want to fight. He didn't want to fight. And I told him that he needed to fight. And he raised his foot, and I punched his foot, and that's -- that's when I grabbed him, and I put him in a headlock, and the officer was watching the whole time. And when I put him in the headlock, that's when -- that's when the Officer Mendoza came and opened the tray slot door and started pepper spraying us the first time.

(*Id.*, Rodriguez Depo. 36:19- 37:3.) As the magistrate judge determined, the "undisputed evidence in the record shows that Plaintiff was the aggressor in the fight with Inmate Tran," and "the evidence in the record does not support a failure to protect claim by Plaintiff against Defendant Mendoza." (Doc. 56 at 10.) Because Plaintiff was the aggressor and initiated the fight with harm, he is unable to show Mendoza exhibited deliberate indifference to a substantial risk of harm to Plaintiff. *See Farley*, 2013 WL 3992392, at *6.

Plaintiff now attempts to argue that "Mendoza had the constitutional duty *to protect the other inmates* and to immediately single cell Plaintiff so that he won't hurt others or himself." (Doc. 60 at 3, emphasis added). However, Plaintiff is unable to state a claim on behalf of "other inmates," such as Tran. *See Jorss v. Schwarzenegger,* 168 Fed. App'x 825, 826 (9th Cir. 2006) (pro se litigants lack standing to bring claims on behalf of other prisoners). Furthermore, there is nothing in the record to support a conclusion that Plaintiff was at a risk of harming himself, and Plaintiff is unable to advance this new theory for his failure to protect claim at this juncture. *See Oden v. California*, 2019 WL 397992, at *3 (C.D. Cal. Jan. 31, 2019) ("New legal theories are not properly raised in objections to a [report and recommendation]").

  **F.**  **Excessive force claim against Campbell**

Plaintiff contends Defendants did "not offer evidence to meet their burden" related to his excessive force claim against Campbell. (Doc. 60 at 6.) Plaintiff misunderstands the burdens on a motion for summary judgment. A party seeking summary judgment bears the "initial responsibility" of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). However, "summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing

1  sufficient to establish the existence of an element essential to that party's case, and on which that
2  party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. The Supreme Court
3  explained that "failure of proof concerning an essential element of the ... case necessarily renders
4  all other facts immaterial." *Celotex*, 477 U.S. at 322. Since *Plaintiff* had the burden to identify
5  sufficient evidence to establish all elements of his claim against Campbell, his argument that
6  Defendants failed to offer any evidence to disprove his claim is unavailing.

7  As the magistrate judge determined, "based on the undisputed facts, Plaintiff has failed to
8  show an actual connection between Defendant Campbell's actions—helping to decontaminate
9  Plaintiff with water after his pepper spray exposure after Plaintiff regained consciousness—and
10  the alleged violation of Plaintiff's rights—the use of force prior to Plaintiff's loss of
11  consciousness." (Doc. 56 at 12.) Because Plaintiff failed to meet his burden to identify evidence,
12  including his own deposition testimony, that supported all elements of a claim for excessive force
13  against Campbell, the Court adopts the findings of the magistrate judge.

14  **G.    Claim against "John Dow"**

15  Plaintiff notes that he originally named a "Doe" defendant, identified as "John Dow" and
16  "Jonh Dow" in the complaint. (Doc. 60 at 1; *see also* Doc. 1 at 1, 4.) Plaintiff contends the
17  magistrate judge improperly dismissed the Doe defendants. (*Id.*, citing Docs. 14, 16.) According
18  to Plaintiff, he "made a timely objection to the magistrate judge authority to dismiss John Does
19  and requested that the District Judge review the dismissal order and also requested the
20  opportunity [for] discovery to identify by the name the John Does that also use[d] unnecessary
21  force along with Defendant Campbell." (*Id.*) He asserts, "This Court has not made a ruling on
22  this motion." (*Id.*) Further, Plaintiff reports that he learned the identity of "John Dow" is officer
23  J. Barraza. (*Id.* at 6.)

24  Significantly, Plaintiff's assertions related to the dismissal of the "John Dow" defendant
25  are contradicted by the record. The magistrate judge screened Plaintiff's complaint pursuant to
26  28 U.S.C. § 1915A(a), and found he stated cognizable claims against Mendoza and Campbell.
27  (Doc. 10 at 3-6.) The magistrate judge found Plaintiff failed "to state a cognizable claim against
28  the unnamed officer," because Plaintiff did not allege facts supporting a conclusion that "there

9

were two officers involved in the incident when Plaintiff was taken outside and beaten." (*Id.* at 6.) The magistrate judge granted Plaintiff leave to file an amended complaint. (*Id.* at 8.) The Court informed him that alternatively, "he may file a notice informing the Court that he does not intend to amend and he is willing to proceed only on his cognizable claims." (*Id.*) On August 23, 2021, Plaintiff filed a notice stating: "I respectfully request to proceed only on the cognizable claims." (Doc. 12 at 1.) After receiving this response, the magistrate judge issued Findings and Recommendations, reiterating the findings of the Screening Order and recommending the action proceed only on the claims against Mendoza and Campbell, and "[a]ll other claims and defendants be dismissed based on failure to state claims upon which relief may be granted." (Doc. 14 at 8.) The Court granted Plaintiff the opportunity to object to the recommendations—including the dismissal of the "John Dow" as a defendant—but he did not. On October 6, 2021, the assigned district judge reviewed the Findings and Recommendations, and adopted them in full. (Doc. 16.) Thus, the defendant was dismissed by the district judge, not the magistrate judge, and the magistrate judge did not take any action beyond the scope of her authority.

Moreover, Plaintiff did not at any time file an objection related to the authority of the magistrate judge. Plaintiff also did not seek reconsideration of the order dismissing claim against "John Dow," or request permission to pursue discovery related to the identity. Even if Plaintiff has since identified the "Doe" defendant, the dismissal was not due to the lack of a certain identity, but rather Plaintiff's failure to state a cognizable claim. To the extent Plaintiff now seeks reconsideration of the dismissal, he has not identified any legal basis to support such a request. Accordingly, the objections related to the Doe defendant are unavailing.

### H. Qualified immunity

Plaintiff argues that Defendants are not entitled to qualified immunity on the claims raised. (Doc. 60 at 6-7.) The Court need not reach the issue of qualified immunity because Plaintiff failed to meet his burden to show all elements are satisfied for his alleged constitutional violations. *See Dehne v. City of Reno,* 222 Fed. App'x 560, 562 (9th Cir. 2007) ("The issue of qualified immunity does not arise where there was no violation of a statutory or constitutional right"); *see also C.F. v. Capistrano Unified Sch. Dist.,* 656 F. Supp. 2d 1190, 1194 (C.D. Cal.

2009)*, aff'd* 654 F.3d 975 (9th Cir. 2011) (a finding that there was no constitutional violation means the qualified immunity defense is moot).

### IV.    Conclusion and Order

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court performed a *de novo* review of this case.  Having carefully reviewed the matter, including Plaintiff's objections, the Court concludes the Findings and Recommendations are supported by the record and by proper analysis.  Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on August 30, 2024 (Doc. 56), are **ADOPTED** in full.
2. Defendants' motion for summary judgment (Doc. 44) is **GRANTED**.
3. Judgment **SHALL** be entered in favor of Defendants Mendoza and Campbell and against Plaintiff Erlindo Rodriguez, Jr.
4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:    **September 30, 2024**

UNITED STATES DISTRICT JUDGE

11